


Honorable Linda B. Riegle
United States Bankruptcy Judge

**Entered on Docket**
**March 20, 2013**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

| | | |
|---|---|---|
| In re: **CAROL LEE GORDON** ) | BK-S-11-22221-LBR | |
| ) | Chapter 13 | |
| ) | | |
| ) | | |
| Debtor(s) ) | Date: February 12, 2013 | |
| ) | Time: 11:00 a.m. | |
| ) | | |

### ORDER VACATING
### "ORDER SUSTAINING DEBTOR'S AMENDED OBJECTION TO CLAIM FILED BY BANK OF AMERICA"

An "Order Sustaining Debtor's Amended Objection to Proof of Claim Filed By Bank of America" (Dkt. #59) was entered on September 5, 2012. Afterwards, the debtor filed an adversary complaint against Bank of America,[1] the primary basis of which was that the order sustaining the proof of claim was entitled to preclusive effect.[2] A motion for default judgment was then filed by the debtor against Bank of America.[3]

While reviewing the debtor's motion for default judgment in the adversary proceeding, the court observed that the debtor had not served its claim objection by certified mail on an officer of

---

[1] *Gordon v. Bank of America*, #12-1239.

[2] Complaint at ¶14.

[3] #12-1239, Dkt. #10.

1

Bank of America in accordance with FED. R. BANKR. P. 7004(h), which governs service on an insured depository institution. Instead, the debtor's certificate of service shows that the objection to claim was served on Bank of America at the address listed in the bank's Proof of Claim 4-1 for where notices should be sent, and that it was also served on "Dean Prober, Esq., on behalf of Bank of America, N.A." (Dkt. #51.)

On its own motion, this court set a hearing for the debtor to show cause why the order sustaining the objection to claim should not be vacated because Bank of America was not properly served with the objection.[4]

In its response to the show cause order, the debtor argues that service was proper because (1) service under Bankruptcy Rule 7004 is not required for objections to claim; (2) service to the address given for where notices should be sent in a proof of claim is sufficient for service of an objection to claim; and (3) attorney Dean Prober was authorized to accept service of the objection as the agent for Bank of America. The court rejects these arguments and finds that the order sustaining the objection to claim must be vacated because the objection was not properly served on Bank of America.

## *Discussion*

### *Rule 7004 Service*

Urging this court to adopt the holding in *In re State Line Hotel, Inc.* 323 B.R. 703 (B.A.P. 9th Cir. 2005), *vacated as moot,* 242 Fed. Appx. 460 (9th Cir. 2007), the debtor first argues that an objection to claim does not need to be served in accordance with Rule 7004. The debtor acknowledges that *State Line Hotel* was later vacated by the Bankruptcy Appellate Panel, but nevertheless argues that FED. R. BANKR. P. 3007 and Local Bankruptcy Rule 3007 govern service of the objection, not Rule 7004. In the vacated *State Line Hotel* case, the Bankruptcy Appellate Panel had ruled that Rule 9014 does not apply to objections to claims because Rule 3007 specifies the manner in which objections must be served. Rule 9014(a) says that "in a contested matter ***not otherwise governed by these rules***, relief shall be requested by motion."[5] The Panel in *State Line*

---

[4] Dkt. #69.

[5] FED. R. BANKR. P. 9014(a). (Emphasis added.)

2

*Hotel* reasoned that an objection to claim is a contested matter not commenced by a motion, but instead by an objection, and thus the objection *is* "otherwise governed" by Rule 3007. Because Rule 3007 calls for an objection, not a motion, and it authorizes notice, instead of requiring service, then Rule 9014 "defers" to Rule 3007 on the subject of claims objections, the Panel reasoned, and therefore service under Rule 7004 does not apply.

This court respectfully disagrees with the reasoning in the vacated *State Line Hotel* case. The Advisory Committee Notes to Rules 9014 and 3007[6] make it clear that the filing of a claim objection initiates a contested matter; thus Rule 9014(b) requires service in accordance with Rule 7004. This is the holding in *In re Levoy*, 182 B.R. 827, 833-34 (B.A.P. 9th Cir. 1995), a Bankruptcy Appellate Panel case which was decided prior to the vacated *State Line Hotel*. In *Levoy*, the IRS had argued that the service of a claim objection was governed by Rule 7004 service, while the debtor contended otherwise. The Bankruptcy Appellate Panel in *Levoy* agreed with the IRS, stating that:

> Fed. R. Bankr. P. 3007 does not provide the manner of service of the objection to a proof of claim. However, the rule's Advisory Committee Note states "The contested matter initiated by an

---

[6]The Advisory Committee Note to Rule 9014 states:

> Whenever there is an actual dispute, other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter. ***For example, the filing of an objection to a proof of claim,*** to a claim of exemption, or to a disclosure statement creates a dispute which is a contested matter. (Emphasis supplied)

Similarly, the Advisory Committee Note to Rule 3007 provides:

> ***The contested matter initiated by an objection to a claim is governed by rule 9014***, unless a counterclaim by the trustee is joined with the objection to the claim. (Emphasis supplied.)

3

> objection to a claim is governed by rule 9014 . . . ." Fed. R. Bankr.
> P., which pertains to contested matters, in turn, makes applicable the
> service provisions of Fed. R. Bankr. P. 7004.

*In re Levoy*, 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995).

This court acknowledges there is a split of authority about whether service of an objection to claim must be made in accordance with Rule 7004. This split is cast in high relief in the *State Line Hotel* case itself, given Judge Bufford's lengthy dissent. This court, however, finds the Bankruptcy Appellate Panel's opinion in *In re Levoy* 182 B.R. 827, 834 (B.A.P. 9th Cir. 1995) to be controlling, as *State Line Hotel* was later vacated. The court further finds Judge Bufford's well-reasoned dissent in *State Line Hotel* to be persuasive.

Bankruptcy Rules 3007, 9014, and 7004 set forth the procedures which must be complied with when objecting to a proof of claim. Rules 3007 and 9014(a) concern **notice**, while the other rules – Rules 9014(b) and 7004 – are about **service**. These rules act in tandem to govern **service** of the claim objection and **notice** of the hearing about it.

Under FED. R. BANKR. P. 3007, parties are entitled to "notice of the hearing . . . at least 30 days prior to the hearing." Rule 3007 provides the following, in pertinent part:

> (a) Objections to Claims
>
> An objection to the allowance of a claim shall be in writing and
> filed. A copy of the objection with notice of the hearing thereon
> shall be mailed or otherwise delivered to the claimant, the debtor or
> debtor in possession, and the trustee at least 30 days prior to the hearing.

Concurrently, "the filing of an objection to a proof of claim creates a dispute which is a contested matter within the meaning of Bankruptcy Rule 9014. . . ." *See In re Lundell*, 223 F.3d 1035, 1039 (9th Cir. 2000). Rule 9014 says, in pertinent part:

> (a) Motion. In a contested matter not otherwise governed by these
> rules, relief shall be requested by motion, and reasonable notice and
> opportunity for hearing shall be afforded the party against whom
> relief is sought. No response is required under this rule unless the
> court directs otherwise.

4

>(b) ***Service. The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.*** Any paper served after the motion shall be served in the manner provided by Rule 5(b) F.R.Civ.P. (Emphasis added.)

In turn, Rule 7004(h) requires that service on a bank in a contested matter must be made by certified mail addressed to an officer of the institution. FED. R. BANKR. P. 7004(h) states:

>***Service on an insured depository institution*** (as defined in section 3 of the Federal Deposit Insurance Act) ***in a contested matter*** or adversary proceeding ***shall be made by certified mail addressed to an officer of the institution unless–***
>
>***(1) the institution has appeared by its attorney, in which case the attorney shall be served by first class mail;***
>
>(2) the court orders otherwise after service upon the institution by certified mail of notice of an application to permit service on the institution by first class mail sent to an officer of the institution designated by the institution; or
>
>(3) the institution has waived in writing its entitlement to service by certified mail by designating an officer to receive service. (Emphasis added.)

Rules 3007, 9014, and 7004 – the interrelated mechanisms for notice and service under the Bankruptcy Rules – are a coherent scheme of the procedural due process safeguards which must be afforded for claims objections; one rule does not replace, or "defer," to the other. Rule 3007 and Rule 9014(a) both govern the writing that must be filed and notice of it. They operate in harmony, with Rule 3007 being the more specific rule that supplements Rule 9014(a). Where Rule 9014(a) says that "reasonable notice and opportunity for hearing shall be afforded," Rule 3007 explains what is "reasonable" – that "a copy of the objection with notice of the hearing thereon" must be mailed with at least 30 days' notice. And where Rule 9014(a) says that notice must be given to "the party against whom relief is sought," Rule 3007 fills this out by explaining that it's the claimant, the debtor or the debtor in possession, and the trustee who get the notice. Rule 3007 is not a substitute for *service* of the objection to claim that is required by Rules 9014(b) and 7004. The fact that a claim objection is initiated by filing an objection, rather than a motion, does not render void

5

the service requirement of Rule 9014(b). Consistent with the rules of statutory construction, "statutes are to be construed together to effectuate, *to the greatest extent possible*, the legislative policies of both." *United States v. LeCoe*, 936 F.2d 398, 404 (9th Cir. 1991)(emphasis in the original). As the Ninth Circuit has stated:

> When interpreting words in a statute, we start with the premise that the words of a statue must be read in their context and with a view to their place in the overall statutory scheme. Our goal is to understand the statute as a symmetrical and coherent regulatory scheme, and to fit, if possible, all parts into a harmonious whole.

*United States v. Wing*, 682 F.3d 861, 867 (9th Cir. 2012)(citations omitted). Rules 3007, 9014, and 7004 operate in harmony; they are easily read to give effect to each rule.

### *Address in Proof of Claim*

Next, the debtor argues that mailing notice via U.S. mail to the address listed in the proof of claim for where notices should be sent is sufficient, citing *In re Hensley*, 356 B.R. 68 (Bankr. D. Kan. 2006), *In re Anderson*, 330 B.R. 180 (Bankr. S.D. Tex. 2005), and *In re Franchi*, 451 B.R. 604 (Bankr. S.D. Fla. 2011). The court rejects this argument as well.

Again, the difference between *notice* and *service* is determinative. Notice and service apply in situations that are fundamentally different. Notice is generally governed by Rule 2002 in circumstances regarding the general administration of a case and creditors generally. However, when a *particular* creditor's rights are at issue in the bankruptcy case, the bankruptcy rules require a more rigorous type of notice. In that circumstance, a party is entitled to *service.* As reasoned in the *State Line Hotel* dissent:

> In contrast to matters where notice to creditors generally is sufficient, the bankruptcy rules recognize that a particular creditor is entitled to a different quality of notice when that creditor's rights become an issue in a bankruptcy case . . . . For example, such specific rights are involved in a claim objection or a motion to sell property free and clear of a creditor's lien. Service pursuant to the requirements of Rule 7004 is required before an estate may take action of this kind. An objection to the creditor's claim falls in this category, because the objection is vitally important to the particular creditor. If the

> objection is successful, the creditor loses any right to receive a dividend from the estate and loses its status in the case. In addition, the objection may include a counterclaim, pursuant to which the creditor may lose a lawsuit if the creditor does not respond appropriately. Mere notice, of the sort appropriate for the many other types of bankruptcy events in which the creditor may have little interest, does not suffice to alert a creditor to this consequence. For this reason, the bankruptcy rules require service of a claim objection on a creditor of the type required for a summons and complaint before action can be taken on the objection (and especially on an attached counterclaim), so that it will be brought to the attention of the appropriate personnel of the creditor who are trained to deal with such legal problems. This duty does not fall on a clerk who puts his or her name in the box of Form B10 for notice purposes.

*In re State Line Hotel*, 323 B.R. 703, 720 (B.A.P. 9th Cir. 2005)(Bufford, J., dissenting), *vacated as moot,* 242 Fed. Appx. 460 (9th Cir. 2007).

The box in the proof of claim form marked "name and address where notices should be sent" facilitates Rule 2002-type notice. In this case, the debtor gave ***notice*** to Bank of America at the address listed on the proof of claim as required by Rule 2002(g)(1)(A), but did not ***serve*** the objection as required by Rule 9014(b) and Rule 7004(h).

As for the debtor's argument that it served the objection in compliance with Local Rule 3007(e) by sending it to the address listed in the proof of claim for notices, Local Rule 3007 refers only to service locations that are in ***addition*** to those required by the Federal Rules. Local Rule 3007(e) provides in its entirety: "***In addition to any other service required***, the objection must be served on the creditor at the address shown in the proof of claim as the notice address." (Emphasis supplied.)  It is Federal Rules 9014 and 7004(h) which govern service of an objection to claim. No local rule can contradict the Federal Rules by replacing the service locations in Rule 7004,[7] and Local Rule 3007 does not do so. It merely provides for additional notice consistent with the Federal

---

[7]Under FED. R. BANKR. P. 9029 a local bankruptcy rule cannot be inconsistent with the Federal Rules of Bankruptcy Procedure. *See In re Healthcentral.com*, 504 F.3d 775, 784 (9th Cir. 2007).

Bankruptcy Rules.

***Authorization to Accept Service***

Next, the debtor argues that attorney Dean Prober was authorized to accept service of the objection for Bank of America because Claim 4-1 "was signed by an authorized person" at the Prober firm, and because attorney Prober "specifically identified" himself in the request for special notice as the "agent for Bank of America." This court finds none of this to be adequate proof of Mr. Prober's authorized agency, either express or implied, to accept service of the claim objection.

The record shows that attorney Dean Prober filed a request for special notice on November 8, 2011. (Dkt. #25.) The request says this:

> It is hereby requested that copies of any documents, pleadings or orders for which claimant Bank of America, N.A., its assignees and/or successors in interest, is entitled to service or notice, also be sent to the agent for Bank of America, N.A., its assignees and/or successors in interest, addressed as follows:
>
> Prober & Raphael, A Law Corporation
> 20750 Ventura Boulevard, Suite 100
> Woodland Hills, California 91364
>
> By /s Dean R. Prober
> DEAN R. PROBER, ESQ. CA BAR #106207
> As Agent for Bank of America, N.A.

Attorney Prober's request for ***copies*** of documents and pleadings "for which claimant Bank of America . . . is entitled to service or notice" is not sufficient proof that Bank of America had expressly authorized him to accept ***service*** of an objection. By its own terms, the request for special notice is limited to copies, not service.

Nor is there sufficient proof of an ***implied*** agency on the part of attorney Prober or the Prober law firm to accept service of the objection. The Ninth Circuit holds that a lawyer can be deemed to be the client's implied agent to receive service of process when (1) the lawyer repeatedly represented that client in the underlying bankruptcy case, and where (2) the totality of the circumstances demonstrates the intent of the client to convey such authority. *Focus Media, Inc.*,

8

387 F.3d 1077, 1079 (9th Cir. 2004), *cert. denied*, 544 U.S. 923 (2005). In its response to the show cause order, the debtor offers only this in support of attorney Prober's alleged authority: "Nothing in the Court file suggests that Dean Prober, Esq.'s authority on behalf of [Bank of America] is allegedly solely limited to filing Proof of Claim 4-1. . . ."[8] Without more from the debtor, the record supports no such finding of implied agency. Bank of America filed two proofs of claim. The Prober firm prepared only one of them, Claim 4-1, while the law firm of Tiffany & Bosco prepared the other, Claim 3-1. Like the Prober law firm, the Tiffany & Bosco firm also filed a request for special notice (Dkt. #42). Attorney Gregory Wilde of the Tiffany & Bosco firm signed the request as "attorney for Secured Creditor." The Tiffany & Bosco firm engaged in substantial activities in the case in behalf of Bank of America, more so than the Prober firm, by filing an objection to confirmation (Dkt. # 24), and then filing a withdrawal of Claim 3-1 (Dkt. #38). The docket shows that the Prober firm merely prepared and filed one proof of claim for Bank of America (Claim 4-1) and a request for special notice. Even in the vacated *State Line Hotel* case, the Panel stated that filing proofs of claim were not enough to support an implied agency. The Panel stated:

> [I]mplied agency is not seriously argued in the case before us, as there were no substantial activities or significant exercise of independent judgment and discretion to support an implied agency theory. ***At most, [the law] office prepared and filed two proofs of claim.*** [The attorney] neither negotiated for the [the claimant] nor communicated with the court or counsel on her behalf, nor filed anything which identifies [the claimant] as his client. (Emphasis supplied.)

*In re State Line Hotel*, 323 B.R. 703, 711 (B.A.P. 9th Cir. 2005), *vacated as moot,* 242 Fed. Appx. 460 (9th Cir. 2007).

"The litigant attempting to effect service is responsible for proper service and bears the burden of proof." *In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004). The debtor has not shown that the Prober firm took an active role in the case, or that it was implicitly authorized to receive

---

[8]Debtor's Response, Dkt. #71, page 3, line 18.

service of the objection as opposed to serving it in accordance with FED. R. BANKR. P. 7004(h).

*Service Under Rule 7004(h)(1)*

Finally, under Rule 7004(h)(1), service on an attorney by first class mail is proper if the bank "has appeared by its attorney." The debtor attempts to distinguish the BAP's holding in *In re Levoy* 182 B.R. 827 (B.A.P. 9th Cir. 1995) that Rule 7004 service applies to claim objections by arguing that *Levoy* was decided before Rule 7004(h) was amended to require service on a bank's counsel, if one has appeared. Apparently, the debtor argues that because attorney Prober was mailed a copy of the objection, then service of the objection was in accordance with Rule 7004(h)(1).[9]

The court rejects this argument, as the debtor has not shown that Rule 7004(h) applies. "The litigant attempting to effect service is responsible for proper service and bears the burden of proof." *In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir. 2004). Without proof that attorney Prober "has appeared" in the case sufficient to satisfy Rule 7004(h), the debtor has failed to meet its burden.

Rule 7004(h)(1) does not state whether the filing of a proof of claim or a request for special notice is an "appearance" for purposes of that rule, nor is "appeared" defined in the Bankruptcy Rules. "When statutory language proves unclear, [a court must] work to discern its meaning by looking to the broader context of the statute as a whole and the purpose of the statute." *Cosmetic Ideas, Inc. v. IAC/Interactice Corp.*, 606 F.3d 612, 618 (9th Cir. 2010)(citations omitted), *cert. denied*, 131 S.Ct 686 (2010). Rule 7004(h)'s requirement that service on a bank must be accomplished by certified mail addressed to a bank officer shows an intent by Congress to require

---

[9] The debtor cites *In re Lomas Fin. Corp.*, 212 B.R. 46 (Bankr. D. Del. 1997) as support for its argument. *Lomas*, however, simply holds that service of a claim objection must be served on a corporate claimant's attorney, not just on the claimant, when the attorney has filed a notice of appearance and a request for service of papers pursuant to FED. R. BANKR. P. 9010. Whether or not a bank had "appeared by its attorney" under Rule 7004(h) was not at issue in *Lomas*.

10

more exacting service upon banks than when others are served.[10] The legislative history of Rule 7004(h)(1) bears this out. It shows the intent of the legislation was to provide safeguards ensuring that service on banks be received by the person with sufficient authority in the bank to respond to it.[11] As explained above, the record shows no participation in the case by attorney Prober other than filing one of Bank of America's two proofs of claims, and filing a request for special notice. The debtor has brought forward nothing to support the finding that attorney Dean Prober "has appeared" for Bank of America.

"[A]n order granted without adequate notice does not satisfy the requirements of due process of law and is therefore inevitably void." *In re Villar*, 317 B.R. 88, 94 (B.A.P. 9th Cir.

---

[10]For example, Rule 7004(b)(3) allows for service on a corporation by first class mail to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law." In comparison, Rule 7004(h) requires that service on a bank be accomplished by ***certified mail*** to a bank officer. And Rule 7004(h) does not authorize service on agents, but instead requires that service be addressed to "an officer of the institution" unless an attorney has appeared for the bank, and then service can be made by first class mail to that attorney.

[11]The bill for the addition of FED. R. BANKR. P. 7004(h) to the Bankruptcy Rules was introduced with these remarks:

> Mr. President, I am today introducing a bill to address . . . problems created for banking institutions by the provisions of the rules of bankruptcy procedure governing service of process in bankruptcy adversary proceedings. Specifically, the rules provide that service of process against a bank by an individual or company filing bankruptcy can be accomplished by simply sending a letter by first class mail to a managing agent of the bank. This process automatically puts a bank at a disadvantage because, first, a legal document received in the large volume of regularly delivered mail received in a bank's many branches is much less likely than certified or registered mail to receive the necessary prompt attention; and second, the person at the bank to whom the letter is addressed often does not have sufficient authority to ensure a response within the time period required by the Bankruptcy Code.

139 CONG REC. S707-08 (daily ed. January 26, 1993)(statement of Sen. Helms).

11

1  2004). Judgments may be set aside on voidness grounds under FED. R. CIV. P. 60(b)(4),[12] for

2  violations of due process. *In re Ctr. Wholesale, Inc*. 759 F.2d 1440, 1448 (9th Cir. 1985).

3        Accordingly, the order sustaining the objection is vacated.

4  **IT IS SO ORDERED**.

6  Copies noticed through ECF to:

7    JEFFREY J WHITEHEAD jeff@whiteheadlaw.org
8    GREGORY L. WILDE nvbk@tblaw.com
  RICK A. YARNALL ecfmail@LasVegas13.com, ecfimport@lasvegas13.com

10 Copies noticed through mail to:

BANK OF AMERICA, N.A.
BANKRUPTCY DEPARTMENT
P.O. BOX 26012, NC4-105-02-99
GREENSBORO, NORTH CAROLINA 27420

CAROL LEE GORDON
644 VIA LINDA CT
LAS VEGAS, NV 89144

DEAN PROBER, ESQ.
20750 VENTURA BLVD.
SUITE 100
WOODLAND HILLS, CA 91364

---

[12]Applicable in bankruptcy under FED. R. BANK. P. 9024.